UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CR-00002-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY ALLEN DUNCAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 57].

I.    **BACKGROUND**

On June 8, 2022, Defendant pleaded guilty to one count of possession with the intent to distribute 50 grams or more of methamphetamine and one count of possession of a firearm in furtherance of a drug trafficking offense [*See* Docs. 28, 30]. Based on a total offense level of 34 and a criminal history category of VI, Defendant's guideline range was 262 to 327 months [Doc. 32, ¶ 100]. However, the firearm offense required a 60-month term of imprisonment to be served consecutively to the drug trafficking offense, and Defendant is a career offender. Thus, Defendant's effective guideline range was 322 to 387 months. *See* U.S.S.G. §§ 4B1.1(c)(3) and 5G1.2(e). The Court varied from the guideline range and sentenced Defendant to 262 months [Doc. 52, pg. 2]. Defendant is currently housed at FCI Butner with a projected release date of August 12, 2039. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 2, 2024). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 57].

1

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence in Sullivan County Criminal Court [Doc. 32, ¶ 74]. If sentenced today, Defendant would receive one status point, resulting in a total of 17 criminal history points rather than 18. But Defendant would still be in criminal history category VI and his guideline range would be the same. In addition, he was classified as a career offender which also would put him in the criminal history category VI. Accordingly, Defendant is ineligible for a

2

sentence reduction under 18 U.S.C. § 3582(c)(2).

III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 57] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge